## Will Boyd v. The State.

### No. 295. Decided January 12, 1910.

**1.—Burglary—Continuance—Want of Diligence—Not Probably True.**

Where, upon trial for burglary, defendant's application for continuance showed a want of diligence in procuring the testimony of the absent witnesses, and the same was not probably true under the circumstances and facts of the case, there was no error in overruling the application.

**2.—Same—Value of Alleged Stolen Property.**

Where, upon trial for burglary, the defendant insisted that the court should instruct the jury to find a verdict of "not guilty," because the value of the alleged stolen property was less than $50, which the court refused to do, there was no error, as under the general burglary statute the value of the article stolen or intended to be stolen is immaterial.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglarizing a railroad car; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglarizing a railroad car, his punishment being assessed at two years confinement in the penitentiary.

The State makes out its case mainly through the witnesses Wyght and Gatliss, who were respectively conductor and brakeman on the Santa Fe Railroad. The railroad car was what the witnesses term

a caboose. The two witnesses mentioned had been on the train which had come in from Cleburne to the city of Dallas; the caboose had been switched to one side on one of the tracks. The two railroad men were asleep in the car, and heard a noise and Wyght went to see what was the matter, and found appellant and another negro boy in what they called the cellar of the car getting some brass which was in the cellar. · The conductor dressed and went and got an officer, and had appellant arrested. The other boy ran away. They did not succeed in catching him. Appellant did not have the brass at the time he was arrested, and when questioned about it he refused to give his ·name. The other boy was chased about a mile. The brass was found about fifty or seventy-five yards from where the breaking occurred. Appellant denied having anything to do with the matter, and said he called the attention of the officers to two boys, who run by where he was, and showed the officers the way they went, and that the officers saw and run them for some distance. The officers stated only one boy run away, whom they chased. Conductor Wyght positively identified appellant as the party who entered the car.

1. Appellant filed his application for continuance on account of the absence of Charlie George, Will Jefferson, Will Wood, Son Mackey, Arthur Armstrong, Percy Cooper, and Jim Candy, whom he says all resided in Dallas County. He further states on the 4th of January he caused subpoenas to be issued for the above named witnesses, giving their names, street number and residence, and same was placed in the hands of the sheriff on the 4th day of January. The bill of indictment was returned into court on No-· vember 30, previous to the issuance of the process. The trial was had on the 8th day of January, four days after the process is alleged to have been issued. He says he expects to prove by Charlie George that defendant was not at the place of the ·burglary, and that he, George, would admit that he opened the door, which was unfastened, to a little box under the car. That the other witnesses will testify that he was with them, and· was at the time of the commission of the offense looking at the circus paper near the oil mill; that they were looking at the paper at the time, and each will testify that defendant was with them, and did not go near the car; that these witnesses were not absent by procurement or consent of the defendant, etc. It will be noticed this application is very indefinite, especially the facts in regard to the location of the parties, and the time that these parties were with the appellant, and their position in regard to the transaction. The application in fact is quite indefinite; the diligence is not sufficient, and no excuse is given why process was not issued earlier. It is alleged that process was issued to Dallas County, in which process names of the streets were given and numbers. Upon the motion for new trial it is made to

appear that three of these witnesses were in Fort Worth in business, and the whereabouts of the others was unknown. It would seem that slight diligence would have indicated to appellant where he could find these witnesses, but he makes no showing as to why he issued process to Dallas County when the witnesses were in Fort Worth, Tarrant County. Viewed from the standpoint of the motion for a new trial, and in the light of the facts, the evidence in regard to the position of these parties is unsatisfactory. Appellant himself testified that some of these witnesses were there, and he was with them, but the officers and some of the witnesses for the State testify they were not together, they were some fifteen feet apart, and that there was a crowd of negroes there, and others watching the Bailey-Barnum circus unload their animals. It would seem that under the circumstances that if these facts were true, appellant would have had no trouble in producing quite a number of witnesses. The officer who arrested him stated that appellant refused to give his name, and pointed out another negro who was running away, and whom the officer chased. Under all the circumstances, we are inclined to the opinion the court did not err in overruling the application for continuance.

2. Appellant insists the court should have instructed a verdict of not guilty, because the amount of brass taken from the burglarized car was less than $50 in value, his insistance being that this comes under article 841 of the Penal Code. We are of opinion there is no merit in this contention. Appellant broke and entered the side of the car, and took out the brass, and went into it in person, and under the general statute of burglary he would be equally guilty of burglary where the property is under $50 as if the property taken was of sufficient value to constitute a felony. The statute provides that he is guilty of burglary who breaks and enters a house with intent to commit a felony or the crime of theft. The value of the articles stolen or intended to be stolen, under the general statute, is immaterial. Without discussing article 841, supra, we hold that it is not applicable to this case in any event.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*