## Nannie Dee Hogue v. State.

### No. 2167.    Decided November 6, 1912.

Rehearing Denied December 18, 1912.

**1.—Keeping Disorderly House—Continuance—Want of Diligence.**

Where, upon trial of keeping a disorderly house for the resort of prostitutes, the application for continuance showed a want of diligence in applying for process and placing it in the hands of the proper officers, there was no error in overruling the motion.

**2.—Same—Sufficiency of the Evidence—Function of the Jury.**

Where, upon trial of keeping a house of prostitution there was sufficient evidence to acquit the defendant, but also sufficient testimony to support the conviction, there was no reversible error, as the jury are the exclusive judges of the credibility of the witness and the weight to be given to their testimony.

Appeal from the County Court of Dallas County. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house for the purpose of prostitution; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Currie McCutcheon*, for appellant.—On question of continuance: Riley v. State, 58 Tex. Crim. Rep., 176, 125 S. W. Rep., 582.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for unlawfully keeping and being concerned in keeping a certain house in Dallas County as a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation, and as a house kept for the purpose of prostitution. She was found guilty and her punishment assessed at a fine of $200 and twenty days in jail.

Appellant, by his brief, presents but two questions. First, that the court erred in overruling his motion for continuance and, second, the evidence is insufficient to sustain the verdict. There are some other bills of exception in the records which are not presented by appellant, but which we have considered and find that they present no error. We will, therefore, discuss only the said two questions presented.

The record shows that the appellant was duly indicted by the grand jury of Dallas County on March 30, 1912, and the case properly transferred from the Criminal District Court of Dallas County, the County Court at Law and filed in said County Court on the same day. It further shows that the term at which appellant was tried began on May 6, 1912, and ended June 29, 1912. The application for continuance not showing otherwise, under the law, we must presume that the appellant was arrested at once, either on March 30, 1912, or within

a day or two thereafter. In order to show diligence the appellant must have procured process for her witnesses at once, or, at least, within a very few days requiring them to attend court at its next sitting on May 6, 1912, but this was not done. Doubtless, if it had been done, as the claimed absent witnesses were both alleged and shown to be residents of the City of Dallas where the court was held, they could have been found within the five weeks from the arrest of the appellant before the court convened. Instead of doing this no process whatever for them was procured and none placed in the proper officer's hands until May 10, 1912, returnable on the 17th day of May, the day the case was set for trial. So that we hold, under the authorities, that no diligence is shown. Giles v. State, 66 Tex. Crim. Rep., 638, 148 S. W. Rep., 317, and cases therein cited; Walker v. State, 13 Texas Crim. App., 618; Massie v. State, 30 Texas Crim. Rep., 64; Long v. State, 17 Texas Crim. App., 128; Skipworth v. State, 8 Texas Crim. App., 135.

There was amply sufficient evidence, if believed by the jury, to have authorized them to acquit the appellant. The law makes them the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. This court cannot take that question from them. Therefore, when this court is called upon to determine whether or not the evidence is sufficient to authorize the conviction, this court should properly consider only the question of whether the evidence was sufficient as a matter of law, if believed by the jury, to sustain the conviction,—not upon the whole testimony of whether or not this court would have found a different verdict from that of the jury.

It is unnecessary to state all of the evidence and, of course, unnecessary to state any of that of the appellant which the jury had the right to disbelieve and give no credence to if in their judgment and opinion they ought not.

The evidence conclusively shows that the appellant was in charge as tenant of the hotel which, it is claimed, was used by her for the purpose charged in the indictment and at the time charged therein. Two witnesses, on the police force of the City of Dallas, testified that the hotel run by appellant at the time charged in the indictment had the reputation of being a place where prostitutes were permitted to resort and reside for the purpose of plying their vocation. Each of them also testified that they had visited the place repeatedly along about the time charged in the indictment and shortly prior thereto and that appellant was present each time in charge of the house; that on one occasion about March 2, 1912, they saw that two women had registered there; that they at once went up to the room assigned to these women, were invited in by them and the women proposed to have sexual intercourse with them for the price of $10; that they declined this proposition and at once informed the appellant and she thereupon required these

women to leave her house. Both of these women were shown to have been common prostitutes and went direct from the appellant's house to a house of prostitution, and remained therein as such up to the time of this trial some two months and a half later. Both of these women testified on this trial substantially as the said policemen had testified. They claim, and so did appellant, that they reached Dallas and went to this hotel from the train with their grips, modestly attired. One of them testified she did not know whether they could have gotten a room in said hotel for the purpose of having intercourse with these men or not. On another occasion one of these officers went into this hotel about 3 o'clock in the morning, went to one of the rooms and found a man in bed with Mattie Nichols whom he testified was a common prostitute, and another woman named Lula Washington whom he testified was a common prostitute, in another bed with another man. The exact time when this occurred is not shown, but we take it from the whole of the circumstances detailed by the witnesses that it was along about the same time charged in the indictment. The two men who were caught in bed with these two women as testified by the police officer, also testified and confirmed the testimony of the police officer. They claim, however, that appellant knew nothing of this and they thought she would not have permitted it if she had known it.

It was further clearly shown that the woman, Mattie Nichols, was an employe in appellant's house and had been continuously for some time, and that Lula Washington had a room therein for some time, her husband being a night employe at another and different hotel.

Another officer, a deputy sheriff of Dallas County, testified that on one occasion he visited this hotel and while there saw Mattie Nichols therein; that he had known her for thirty-five years and she had a bad reputation for chastity. Another very significant fact and one doubtless of considerable weight with the jury was testified to by appellant herself, and that is that said Mattie Nichols' name appeared on the register of her hotel each day, the register showing "pd" after her name which was her custom in keeping the register, and once her name so appeared twice the same date.

We think the evidence was amply sufficient to sustain the verdict The judgment is, therefore, affirmed.

                                                              *Affirmed.*

[Rehearing denied December 18, 1912.—Reporter.]