### W. C. HUGHES v. THE STATE.

No. 8844. Delivered April 22, 1925.

Rehearing denied, May 13, 1925.

1.—Manufacturing Intoxicating Liquor—Bills of Exceptions—Requisites of.

Where a bill of exceptions only state the grounds of the objections, and no facts supporting the objections are stated, or some showing in bill of the truth of the matters stated as objections, this court is without power to give such bills consideration. The authorities are too numerous to need citation.

**2.—Same—Argument of Counsel—Held Not Improper.**

Where counsel for the state in closing the case stated to the jury "He (meaning the defendant) said "you've got us." He said that not here now, but then, when it was fresh in his mind." We do not believe that the statement was open to the objection that it was a comment on the failure of the defendant to testify, but in any view, the bill of exception complaining of it, does not show that the appellant did not testify.

**3.—Same—Special Charge—Properly Refused—When.**

Where the law of principals is raised by the evidence, and the court properly submits the law in his main charge, there is no error in refusing a special charge requested, covering the same issue.

ON REHEARING.

**4.—Same—Declarations of Accused—Res Gestae.**

Declarations made by an accused at the time of his arrest which appear to be a part of the transaction itself, and so connected with it as to evidence their spontaneity, are admissible in evidence, being *res gestae* of the transaction, and it has ever been so *held* by this court.

**5.—Same—Bills of Exceptions—Requisites of.**

A bill of exception complaining of declarations made by defendant, introduced in evidence, but which does not affirmatively show that the defendant was under arrest at the time such declarations were made, present no matter for review by this court.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge of said Court.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*J. D. Buster,* of Sherman, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Grayson County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The State's testimony makes out a clear case of the manufacture of intoxicating liquor. Officers went to appellant's premises and observed the assemblage of material, equipment, etc. in a thicket. Later they returned to the same place and found appellant and his son in the immediate vicinity and a still in operation manufacturing intoxicating liquor. The jury have solved the facts adversely to appellant. It is their province to pass on the credibility of the witnesses and the weight of their testimony.

There are four bill of exception in the record. The first was taken to certain testimony of witness Shipp and also of witness Brinkley. The grounds only of the objections are stated. If facts there be supporting the objections made, same are not stated. Without some showing in the bill of the truth of the matters stated as objections, this court would be without power to give such bill consideration. The authorities are too numerous to need citation.

Bill of exception No. 2 is to argument of the county attorney in closing the case. Counsel stated to the jury:

"He, (meaning the defendant), said: 'You've got us'. He said that not here now, but then, when it was fresh in his mind."

The objection to this is that it was a reference to the failure of the appellant to testify. The matter might to disposed of by stating that there is nothing in the bill of exceptions that in anywise sets forth the fact that appellant did fail to testify, but we do not believe the matter of the statement was such as in any event to be open to the objection made.

The trial court in the main charge told the jury that even though they believed R. H. Hughes (the son of appellant) was engaged in manufacturing whiskey, they could not convict the defendant unless they believed from the evidence beyond a reasonable doubt that he was acting with R. H. Hughes as a principal,—and that they could not convict him even though he knew of the presence of the still, and that whiskey was being made, and even though defendant was arrested at or near the still, unless he was acting as a principal with said R. H. Hughes. Such being the case, we do not think special charge No. 1 asked and refused, presents error. There is no perceptible difference between the charge as given and said special charge.

The remaining bill of exceptions is to the refusal of a new trial. The motion set up no extraneous matters, and in overruling it the learned trial judge committed no error.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—We are unable to see how the fact that another person beside appellant was connected with the manufacture of the liquor, would aid him; or in anywise tend to show that he was not also engaged in the same transaction.

This court has said in many cases that one accused of crime who makes statements which appear to be a part of the transaction itself and so connected therewith as to evidence their spontaneity, cannot object to the use of said statements as evidence, they being held res gestae. In the instant case, the bill of exceptions com-

plaining of the introduction against appellant of his statement to the officers contains no showing of the fact appellant was then under arrest. The statement in a bill of exceptions that certain evidence is objected to on the ground that appellant was under arrest, is not tantamount to a showing of the fact of such arrest. Unless the truth of those things stated as grounds of objection, be manifested in the bill, it will not be sufficient.

We can add nothing to what we said in our former opinion as presenting our view that the statement of the county attorney was not a reference to the failure of appellant to testify. The same defects appear in this bill of exceptions as in the one above referred to. The books are full of cases laying down the rule, which is well understood, that this court will not be required to take the time to ascertain from the parts of the record whether those things stated in a bill of exceptions as grounds of the objection, are true or not.

Being unable to agree with any of the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*