## F. L. EAVES v. THE STATE.

No. 12789.   Delivered December 18, 1929.
State's motion for rehearing granted April 9, 1930.
Appellant's motion for rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 339.

The opinion states the case.

C. C. *McDonald* of Wichita Falls, and O. M. *Wylie* of Archer City, for appellant.

A. A. *Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rob; the punishment confinement in the penitentiary for seven years.

L. E. Johnson was in charge of a garage belonging to Duke Martin. The testimony of appellant and his witnesses was to the effect that Johnson got appellant and one Pettiett to go to the garage for the purpose of committing robbery, the plan being that Johnson would ostensibly be one of the victims of the robbery, and that the spoils would be divided with Johnson. Appellant and Pettiett drove to the garage at night, in appellant's Chrysler car. Appellant sat in the car, while Pettiett entered the building with drawn pistol. Shortly before the attempted robbery, Duke Martin informed the officers that some parties in a Chrysler car would attempt to rob his garage. The officers came upon the scene as Pettiett entered the garage, and someone shot Pettiett in the face. Johnson was in the garage when Pettiett entered and held up his hands, as did others present. Pettiett and appellant were arrested. The state failed to use Johnson and Duke as witnesses. Appellant admitted his part in the attempted robbery, and advanced the theory that Johnson and Duke entered into a conspiracy to induce appellant and his companion to attempt the holdup, in order that the officers might kill them.

After the jury had been impaneled, the court excused the remainder of the panel. The private prosecutor demurred, stating in the presence and hearing of the jury that there were other indictments against appellant which the state expected to try during the week. Appellant excepted to such remark, and the court instructed the jury to disregard it. Later, on cross-examination, over proper objection, counsel for the state elicited from appellant the fact that other indictments growing out of the same transaction for which he was being tried had been returned against him. When objection was made the court permitted the reception of the testimony, but advised counsel that he would later determine whether such testimony was admissible. Having concluded that the testimony was inadmissible, the jury were instructed in the main charge that it was withdrawn from their consideration. Other than these charges, appellant had never been indicted. Considering together the remark of the private prosecutor and the reception of the testimony which the trial court determined to be inadmissible, it is clear that error was committed. While appellant admitted his guilt, he received much more than the minimum penalty, and this in a case in which the jury would have been authorized to conclude that he was the

462

victim of a "frame-up" on the part of Johnson and Duke. We would not feel warranted in reaching the conclusion that the action of the court in withdrawing the testimony saved appellant from harm. See Branch's Annotated Penal Code of Texas, section 166.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Immediately after the impanelment of the jury, the private attorney representing the prosecution stated in the hearing of the jury impaneled to try the appellant that there were jurymen for the week who were not engaged in the trial and who desired to be excused but that the State would not agree to excuse them for the reason that there was another indictment pending against the appellant and would insist upon an immediate trial of that indictment as soon as the present case was disposed of. Counsel for the appellant immediately excepted to the remarks as prejudicial and calculated to injure the rights of the accused in placing improper facts before the jury. The court verbally instructed the jury to disregard the remarks. When the appellant testified in his own behalf, he was asked on cross-examination if it was not a fact that he was now under indictment for three other offenses in this court, to which he replied that he was under two other indictments. This question and answer were made the subject of objection and exception upon the ground that the character of the accused was not in issue and because "the other indictments grew out of the same transaction." The court reserved his ruling upon the objection until he gave his general charge to the jury, at which time he instructed the jury as follows:

"Evidence has been introduced tending to show that the defendant is under two other indictments growing out of the same transaction, upon which this prosecution is charged; you are charged that such evidence is withdrawn from your consideration and you will not consider the same for any purpose."

When reference was first made to the matter the court only instructed the jury to disregard it. At that time it was manifestly improper to make any statement in the hearing of the jury to the

effect that the appellant was under indictment in that court for any other offenses. That one indicted for three offenses growing out of the same *act* might be impeached on one trial by showing that the grand jury had indicted him in two others is a procedure to which, so far as the writer is aware, this court has never given its sanction. A single act, however, may not be synonymous with the term "the same transaction." The same transaction may comprehend several acts of one individual or many acts of a group of individuals. See Smith v. State, 90 Tex. Cr. R. 274; Words & Phrases, 2nd Series, Vol. 4, p. 970; also 3rd Series, Vol. 7, p. 570. When the appellant took the stand as a witness in his own behalf and testified, it became pertinent, for the purpose of affecting his credibility, to prove that he was under indictment for other felonies. The bill of exception in which complaint is made of the fact that he was called upon to give such testimony, sets out the question propounded by State's counsel, namely, "if it was not a fact that he (appellant) was under indictment for three other offenses in this court." The answer, as set out in the bill, was to the effect that he was under "two other indictments." In neither the question nor the answer is it disclosed that the other indictment to which the inquiry was addressed grew out of facts in any wise connected with the offense for which the accused was on trial. The bill, therefore, fails to show any transgression of the rules of practice, and the admission by the accused that he was under indictment for other offenses would tend to nullify the error committed at the beginning of the trial by the attorney for the State calling attention to the fact that there were pending against the accused other indictments. The only reference to the connection of the indictment to which the inquiry was addressed is that contained in the exception taken by counsel for the accused stating that the other indictments grew out of the same transaction. For that remark in the presence of the jury (if in fact it was made in the presence of the jury), State's counsel was not responsible as it appears from the bill. When one becomes a witness in his own behalf, it is competent to receive testimony to the effect that he is under indictment for a felony for the purpose of affecting his credibility as a witness. It would not be permissible, however, to make proof that he was under indictment for a felony involving the same act as that for which he was on trial. See Plunk v. State, 98 Tex. Cr. R. 140. Where there is evidence that one has committed an act which would warrant the indictment and prosecution for either one of three offenses, it would not warrant the indictment

for each of the three offenses. Under such circumstances there should not be more than one indictment, though it might be embraced in separate counts so that the evidence could be adjusted to either one of the three and the matter properly controlled by the charge of the court. See Smith v. State, 90 Tex. Cr. R. 274. As the matter is understood from the record, the opinion is expressed that reversible error is not shown.

The State's motion for rehearing is granted, and the judgment of the trial court is affirmed.

*Granted.*

## ON APPELLANT'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The facts of this case have been but meagerly stated. They show, from the lips of appellant himself, that one Johnson came to him and Pettiett with a proposition to hold up and rob a garage owned by Miller & Martin. Johnson assured said parties that if they went into the scheme he would secure and remove any arms in said garage so they would be in no personal danger. Appellant testified that Pettiett agreed to the proposition, but that he, appellant, refused to actually enter the garage and do the hold-up act, but that he did agree to drive Pettiett to said garage on the night in question, wait for him while he did the robbing, and help him get away. He also testified that he actually did drive Pettiett to said garage, and that he did remain at the curb in his car with the motor running while Pettiett entered the garage, presented a pistol at the occupants, and commanded them to "Stick 'em up," which they did. Pettiett had on a gauze mask when he went to the place with appellant and when he entered the garage. He shoved open the door of said building when he entered. He then pointed a pistol at the parties within, and ordered them to stick up their hands. At this juncture officers came on the scene, arrested appellant in his car, and then came into the building where a number of shots were fired. One witness said he thought Pettiett fired. Mr. Gordon, a deputy constable at Electra, said Mr. Martin had told him he thought there was going to be a hold-up that night, and that he, witness, went down to the garage to try to prevent it. He said after arresting appellant sitting in his car at the curb with the motor running, he started into the garage, and as he did so Pettiett "Turned the gun on me,—he turned facing me; I fired one shot at him."

Considering appellant's bills of exception and the contentions in his motion for rehearing, we observe that if there was any error in

the action of the State in asking, in the presence and hearing of the jury, that the jurors be not excused from further service because of the fact there was another indictment pending against appellant upon which the State wished a trial,—same became harmless when appellant took the stand and himself testified that there were other indictments against him.

Bill of exception No. 2 shows that when appellant took the stand he was asked on cross-examination by the State if he was not under indictment "For three other offenses," and replied that he "Was under two other indictments." Without stating that there was objection to either question or answer, said bill sets out substantially what is stated in our opinion on the State's motion for rehearing. The trial court in instructing the jury not to consider evidence which had been introduced "tending to show that the defendant is under other indictments growing out of the same transaction," certainly does not state that he refers to what is contained in the question of the State, or the answer of the appellant, as set out in said bill of exception,— for in neither question nor answer is there one word said relative to whether such other indictments grew out of the same transaction or not. Just what testimony was in the court's mind when he gave such instruction? The bill is entirely silent on this point. What were the other indictments, if any? Both the bill and the record are silent on this point. The sum total of this court's information rests on the objection made by appellant's attorney as set out in the bill, and the court's statement in the charge to the effect that there was evidence tending to show that such other indictments "grew out of the same transaction." In the opinion of Judge Morrow herein the plain and clear statement appears that a "transaction" may comprehend several acts, either of an individual or a group. As applied to the instant case the words "same transaction" would comprehend the legally joint act of appellant and Pettiett in shoving open the door of the garage and thus committing burglary with intent to rob or kill; also the act of pointing a pistol at White, or the other persons in the garage, with intent to kill them if they did not comply with Pettiett's demand to stick them up,—which might be an assault to murder; or by pointing the pistol at Gordon when he came into the garage, which might be a different assault to murder; or in an assault to rob when by word and act Pettiett commanded the occupants of the garage to "stick 'em up."

In other words, appellant asks us either to vary from the settled and uniform holding of this court that a bill of exception must manifest within itself the error complained of, and that we look to some

other ·part of the record to try and see if there be error; or else he wishes us to commit ourselves to the fundamentally unsound proposition announced by the trial court in the charge, viz.: that in all cases evidence tending to show that there are other indictments growing out of the same transaction must be rejected. We regard the law of both contentions as well settled against appellant.

' It is also urged that appellant must have been injured by something because he got seven years when he might have been given two by the verdict of the jury. This carries with it the suggestion that a jury composed of ordinarily sensible men would have been uninfluenced by plain facts reasonably showing that two men with pistols and mask, purposing to rob,—burglarize,—or if necessary take human life, and would have given one of the perpetrators only the minimum penalty upon consideration of the facts; but that they had been aroused and inflamed by the fact that a grand jury had concluded from the facts which were all developed and placed before this jury on this trial by testimony, that there was more than one crime committed, and that there should be more than one indictment and prosecution, and, therefore, they returned other indictments growing out of the same transaction. We are not in accord with appellant's contention that to prove other indictments for offenses growing out of the same transaction would necessarily be held to have produced such result.

Appellant made no effort to show either by other testimony from grand jurors or other witnesses, or by the production of the other indictments in question to make plain that said other indictments were for the same *act* which forms the basis of the instant prosecution; nor did he ask any such instruction to the jury from the court presenting any such legal proposition. We have not discussed the proposition that the court told the jury not to consider the testimony here discussed, nor cited from the many cases holding this to adequately care for such situation.

We believe the case was correctly decided and that the appellant's motion for rehearing should be overruled.

*Overruled.*

DISSENTING OPINION.

HAWKINS, JUDGE.—I feel sure that the original opinion reversing the judgment was correct and that we fell into error in granting the state's motion for rehearing.

It appears from bill of exception number one that after the jury had been selected in this case the trial judge was discharging the

other jurors who had not been selected in this case at which time the private prosecutor in the presence and hearing of the jury which had been selected objected to excusing the other jurors for the week because the state had another indictment against appellant and would insist on an immediate trial under that indictment as soon as the present trial was over. Upon objection from appellant's counsel the court properly instructed the jury not to regard the statement of the private prosecutor. That his conduct was erroneous and got before the jury in the present case a fact prejudicial to appellant which at that time would not have been provable under any circumstances, is beyond doubt. The trial judge did all he could to obviate the damage when he instructed the jury to disregard the statement which had been made in their presence. It appears from bill of exception number two that appellant testified in his own behalf and upon cross examination he was asked by the district attorney "if it was not a fact that he was now under indictment for three other offenses in this court?" to which the witness replied that he was under two other indictments. At this point counsel for appellant objected to this inquiry because "the other indictments all grew out of the same transaction, and that said testimony was illegal, inflammatory and highly prejudicial." Up to this point in the bill it appears that the claim that the other indictments inquired about grew out of the same transaction was embraced in the bill as a ground of objection only. However, the bill further shows that when the objection was made the court advised the district attorney that he would hear from him upon that proposition, to which the district attorney replied that he did not have the authorities at hand and the court advised appellant's counsel that he would not rule upon the matter at that time but would take the matter under advisement and would rule later. What investigation the court made with reference to the question this court has no way of knowing, but it does appear from said bill number two that no ruling was made upon the point until the court gave his charge to the jury, in which appears the following instruction:

"Evidence has been introduced tending to show that the defendant is under two other indictments growing out of the same transaction upon which this prosecution is charged; you are charged that such evidence is withdrawn from your consideration and you will not consider the same for any purpose."

If it had developed upon cross-examination of appellant that other indictments were pending against him which were properly provable as affecting his credibility as a witness this perhaps would have

cured the error committed by the private prosecutor in having improperly gotten before the jury the fact that there were other indictments pending against appellant. This court is not advised by anything in the record showing specifically just what was charged against appellant in the other indictments referred to, but it is perfectly apparent from bill of exception number two that the trial judge reached the conclusion that the state had no right to inquire about those indictments even for the purpose of impeachment. That being true, and this court not being advised further than as is reflected by the ruling of the trial court, we must assume that his conclusion was correct, and that it was an improper inquiry on the part of the state regarding the matter. The court again undertook to cure the error by instructing the jury that the evidence regarding the other indictments should not be regarded for any purpose. It thus appears that in two ways, by action of the private prosecutor in the statement made by him and in the conduct of, the district attorney in the question asked by him, was gotten before the jury the fact that other indictments were pending against appellant which the court decided could not even be inquired into for the purpose of impeachment. We must presume that this finding of the trial judge was correct unless the contrary appears. It does not so appear from this record.

This defendant was given a term of seven years for assault with intent to rob, the minimum punishment for which was two years. To say the least of it, the case upon its facts presents some curious situations, and one in which this court would not be warranted in saying that ordinarily the punishment assessed would have been inflicted. The judgment in this case ought not to be affirmed unless upon the theory that the errors committed can to our entire satisfaction be held harmless. Something in this case caused the jury to inflict a punishment much above the minimum and I can not get my consent to hold that it was not brought about by the improper conduct referred to.

I think appellant's motion for rehearing should be granted, and that the original judgment of reversal should stand, and respectfully record my dissent to any other disposition of the case.