R. L. FERRELL v. THE STATE.

No. 14114.   Delivered May 13, 1931.

The opinion states the case.

*Gentry & Gray,* of Tyler, for appellant.

*Ernest S. Goens,* District Attorney, and *Nat. Gentry, Jr.,* County Attorney, both of Tyler, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Officers testified that they found six gallons and a pint and a half of whisky in appellant's automobile. They said they also found a rubber tube, a faucet, several empty pint bottles and some stoppers in the car. They had seen appellant driving the car immediately before making the search. Appellant approached the car while the search was in progress. Appellant testified that he had no whisky in the car when he left home

on the day of the search. He said: "There was not any whisky in there that I knew anything about. I didn't know of any whisky at all in the car." Several witnesses for the state testified that appellant was drunk at the time the search was made. One witness testified that shortly before the search appellant offered to sell him some whisky.

Appellant's second application for a continuance was based on the absence of J. C. Duty. It was alleged that the absent witness would testify that appellant spent the night with him next preceding the day of the search; that the witness looked in the car before appellant started on his journey and that there was no whisky in it; that he saw appellant place some money in the side pockets of the car. Attached to the motion for new trial was the affidavit of the witness setting out substantially the same facts embraced in the application for continuance. As to diligence, it was averred that appellant caused a subpoena to be issued for the witness on March 17, 1930, and wired it to the sheriff of Harris county for service on the witness, his residence being in said Harris county; that appellant was unable to say whether process had been served.

There was an utter lack of diligence. It is stated in the application that appellant did not know what facts the witness would testify to until a few days before the date of the trial. He should have ascertained immediately after his arrest whether the witness knew any facts material to his defense. According to his own testimony, he lived in the home of the witness, and had spent the night with him next preceding the day of the search and arrest. Why he did not talk to the witness and ascertain what he knew about the case is not disclosed. The indictment was returned on the 7th day of November, 1929. Appellant waited until the 17th of March, 1930, a period of more than four months, before he made application for process for the witness. He failed to discharge the burden resting upon him to establish the exercise of diligence. Section 314, Branch's Annotated Penal Code; Hogue v. State, 68 Texas Crim. Rep., 536, 151 S. W., 805; Boyd v. State, 57 Texas Crim. Rep., 647, 124 S. W., 651.

We deem it unnecessary to discuss the materiality of the testimony other than to say that if sufficient diligence appeared we would be of the opinion that the action of the trial court in overruling the motion for new trial was not an abuse of his discretion in determining that, had the absent testimony been present on the trial, no different result would have been likely. Wiley v. State, 36 S. W. (2d) 495.

Appellant objected to the testimony touching the result of the search on the ground that the officers had no search warrant and that there was no "probable cause" justifying a search without a warrant. Touching the question of probable cause, one of the officers testified, in substance, as follows: He met appellant on the road driving the automobile, and upon talking to him, observed that appellant was drunk. After appellant

had driven away the officer met Jess Jones. Jess Jones told him that appellant had a load of whisky in his automobile. He said that appellant had showed the whisky to him. Upon going to the place where appellant had stopped the car, the officer made the search, with the result hereinbefore described. We think the facts and circumstances recited by the officer are sufficient to constitute probable cause, that is, "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Landa v. Obert, 45 Tex., 539; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Smyrle v. State, 107 Texas Crim. Rep., 663, 298 S. W., 598.

In one of appellant's unnumbered bills of exception it is recited that the state asked appellant upon cross-examination if he was not under indictment in another county for another felony. Appellant answered: "I know it, it is the same thing that I am on here." Appellant objected to the testimony on the ground that the case against him in the other county was the same as the one on trial and could not be used to impeach him. The court qualifies the bill of exception with the statement that he instructed the jury not to consider the question and answer for any purpose. There is nothing in the bill of exception to show bad faith on the part of the district attorney in propounding the question. So far as the bill of exception is concerned, the district attorney did not know that the indictment in the other county involved the same act as that for which appellant was on trial. It is not for the purpose of impeachment proper to make proof that the accused is under indictment for a felony involving the same act as that for which he is on trial. Eaves v. State, 29 S. W. (2d) 339. However, appellant made no objection to the question, but contented himself with objecting to the testimony after he had already answered the question. To have properly protected himself, appellant should have objected to answering the question. Upon learning that the same act was involved, the court promptly withdrew the testimony from the consideration of the jury. In the state of the record, the opinion is expressed that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.