## JACK STOKES v. THE STATE.

No. 14886.   Delivered February 24, 1932.

The opinion states the case.

*J. A. Johnson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, unlawfully carrying a pistol; the punishment, a fine of $100.

The state put upon the stand as a witness one Elmer Williamson who testified that he was constable of the Lingleville precinct; that he knew the defendant, Jack Stokes, and had known him during the time he had lived in Lingleville; that on or about February 11, 1931, he saw the defendant about 2 or 3 o'clock P. M.; that he came to his house in the town of Lingleville; that he was in an automobile when he drove up to his house and he turned his lights on the house and hollered and told the witness he wanted to see him. He further testified that he got out of bed and dressed and went out to appellant's car and they drove away from the house towards the home of one Paul Hickey who lived about 350 or 400 yards from the witness' house. He testified further that the defendant cursed and abused him and that he had a pistol and stuck the pistol in the witness' back and said with an oath that he was going to kill the witness; that the appellant was driving the car when they got near Paul Hickey's house and the appellant stopped the car and the witness got out and ran away and went back to his house. He further testified that the defendant cursed him all the way down to the Hickey house, and when he got out of the car and started to run, the defendant shot his pistol off, he didn't know whether he shot it into the ground or in the air. Appellant denied having a pistol on the occasion testified to by said witness.

By several bills of exception, appellant complains of the refusal of the trial court to allow him to prove on cross-examination of the witness, Elmer Williamson, what was said at the time appellant came to the house of said witness and as to what was said between said witness and appellant on the way from the witness' house to the home of one Paul Hickey. The bills further show that the testimony sought to be elicited was part of the conversation that the state had introduced on the direct examination of said witness. We think the appellant correctly contends that the court was in error in refusing to allow him to cross-examine the said witness upon testimony already brought out by the state. As said in the case of Pratt v. State, 53 Texas Crim. Rep., 281, 109 S. W., 138, 140, "The true criterion and test for determining the admissibility of such statements is: are they necessary to make any other act or declaration of a defendant, which has been proved by the prosecution fully understood, or do they explain the same?" The state having introduced part of the conversation between appellant and said witness, the appellant was entitled to the remainder of the conversation relating to the same. See Vernon's Tex. Code of Crim. Proc., art. 728, n. 2; Branch's

P. C., sec. 91; Pharr v. State, 9 Texas App., 134; Sager v. State, 11 Texas App., 113; Sanderson v. State, 109 Texas Crim. Rep., 142, 3 S. W. (2d) 453. The testimony sought to be elicited by the appellant was admissible and its exclusion reversible error.

An attempt was made to qualify the bills of exception in which the above matter was presented. It appears, however, that after signing the bills, the court signed a statement showing that he qualified the bills over the objection and exception of the appellant. The trial judge was without authority to contradict or qualify the bills without the consent of the appellant or his counsel. See Exon v. State, 33 Texas Crim. Rep., 461, 26 S. W., 1088. This court must give effect to the bills without reference to the qualifications made against the objections and will of the accused or his counsel. See Thomas v. State, 83 Texas Crim. Rep., 325, 204 S. W., 999; Schmidt v. State, 97 Texas Crim. Rep., 197, 260 S. W., 848; Barton v. State, 107 Texas Crim. Rep., 77, 294 S. W., 1112.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.