VICTOR ROACH, JAMIE HUNTER, AND SIDNEY JOHNSON V. THE STATE.

No. 16771. Delivered May 30, 1934.
Rehearing Denied October 3, 1934.
Reported in 74 S. W. (2d) 656.

The opinion states the case.

*G. B. Fenley and Ditzler H. Jones,* both of Uvalde, *Geo. C. Herman,* of Crystal City, and *Morriss & Morriss,* of San Antonio, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellants were convicted of the theft of property over the value of $50, and their punishment assessed at confinement in the State penitentiary for a term of two years.

Upon the trial the appellants entered a plea of guilty and filed a plea for suspension of sentence.

By bill of exception No. 2 the appellants complain of the action of the trial court in declining to sustain their motion to withdraw from the jury and to instruct the jury not to consider the following testimony: That Jamie Hunter was indicted for murder in Kerr County, tried and acquitted; that Victor Roach had given checks which had not been paid and to which said checks he had signed his father's name. From the bill of exception we cannot determine whether this matter was brought out on cross-examination of appellants' witnesses with a view and for the purpose of weakening the force of the testimony given by such witnesses, or whether the same was elicited by the appellants themselves or was elicited by direct attack on the general reputation of appellants. It was held by this court in Adaire v. State, 45 S. W. (2d) 984, that it is permissible to cross-examine witnesses who testify in chief to a person's general reputation as to any reports or rumors that may have reached their ears of specific acts and particular instances of conduct inconsistent with the reputation attributed. In the case of Matthews v. State, 109 Texas Crim. Rep., 563, this court said: "Whenever the purpose is to attack the general

reputation of the accused for being peaceable and law abiding, let it be plainly understood that this cannot be done, in the first instance, by proof of specific acts of misconduct or the commission of specific offenses. We have often said that, on cross-examination of witnesses to general reputation, they may be asked as to their having heard of specific acts of misconduct on the part of the accused at variance with the character ascribed to him by such witnesses; the purpose of such questions being to thus weaken the force of the testimony of such witnesses."

From the bill of exception before us we cannot say that this matter was not elicited on cross-examination from the appellants' witnesses. Therefore, the presumption that the trial court's action in overruling the appellants' motion was justified must prevail.

By bill of exception No. 3, the appellants complain of the action of the trial court in permitting the county attorney in his opening argument to state to the jury that Jamie Hunter had been indicted, tried, and acquitted of the offense of murder. We do not believe that the bill of exception in and of itself discloses any error.

By bill of exception No. 4, the appellants complain of the action of the trial court in permitting the county attorney in his opening argument to the jury to refer to checks alleged to have been given by the defendant Victor Roach (as offenses, swindling, and forgery), but the bill fails to disclose that there was not any evidence offered from which such conclusion could be drawn. The bill of exception does not disclose for what offense the appellants were tried in Real County. Hence, the bill of exception in and of itself fails to disclose any error.

Bill of exception No. 1 relating to the appellants' objections to the court's main charge does not bear the certificate of the trial court and therefore cannot be considered.

Finding no reversible error, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellants pleaded guilty to felony theft and were each given the lowest penalty. Suspended sentence was not given, as prayed for. Many witnesses for the defense testified to the good reputation of each appellant, all

of whom were young men of good families, but each appellant had admitted,—in written confessions which were introduced, —his complicity in the taking of a safe by burglary, the rifling of the safe and the division of its contents amounting to several hundred dollars, all of which was later returned to the owner.

All the bills of exception found in the record were discussed, and, as far as we can see, properly disposed of in our former opinion. Should we act upon the suggestions found in the well prepared motion for rehearing of appellant, and look beyond the bills of exception in the record under the facts of this case,—would be laying down a new and dangerous departure. In section 207 of his Annotated P. C., Mr. Branch cites many cases, and in note 23 under art. 667, C. C. P., Mr. Vernon cites more than a hundred cases,—all supporting the rule adhered to in our original opinion, viz: that bills of exception must be so full and complete in themselves as that recourse need not be had to any other part of the record to verify or contradict the complaints evidenced by such bills. Some recent cases so holding are Turner v. State, 93 Texas Crim. Rep., 104; Knott v. State, 93 Texas Crim. Rep., 239; Morris v. State, 96 Texas Crim. Rep., 605; Hughes v. States, 100 Texas Crim. Rep., 530; Cochran v. State, 112 Texas Crim. Rep., 390; Davis v. State, 117 Texas Crim. Rep., 167; Hancock v. State, 120 Texas Crim. Rep., 162; Ryan v. State, 55 S. W. (2d) 829. To look to the statement of facts as being against or in support of a bill of exceptions, would require that we overrule these decisions. Whether the statement of facts be long or short could not operate to change the rule, if it be sound.

The general reputation of all these appellants was put in issue, and this court has always held in such case that testimony showing prior felony indictments of such persons was admissible regardless of whether same had been followed by conviction or acquittal. It is with some regret that we must hold that we can not vary the well established rule, and consequently must conclude that the grounds of the motion for rehearing are not well taken.

The motion for rehearing is overruled.

*Overruled.*