### B. C. TAYLOR v. THE STATE.

No. 17210.  Delivered March 6, 1935.

The opinion states the case.

*Pace & Goens* and *Butler & Price,* all of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for seven years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Mont Adams by shooting him with a pistol.

Deceased operated a filling station. Allen Massey, who was a nephew of appellant, and 14 years of age, had been guilty of conduct at the filling station which deceased did not like. On the 4th of July, 1933, deceased came to the home of W. E. Massey, the father of Allen, and honked the horn of his automobile. Mr. Massey was absent. Appellant, his sister, Mrs. W. E. Massey, and Allen Massey were sitting on the porch. Allen went to the car, and was later joined by appellant and Mrs. Massey. Deceased began to relate Allen's alleged misconduct. Appellant demurred, saying that he did not think it was proper for deceased to use certain language in the presence of Mrs. Massey. Deceased replied: "I don't think you got any right butting in." Appellant then stated to deceased that he ought to wait and see Allen's father about the matter. He asked deceased not to worry Mrs. Massey about it. Deceased replied: "I don't have to." A quarrel ensued in which, according to the testimony of Allen Massey, who testified for the State, appellant called deceased a s—of—a—b—, and deceased in turn, called appellant a bastard and s—of—a—b—. Deceased got out of his car, saying that he would make appellant swallow his words. Mrs. Massey got between deceased and appellant, and ordered deceased to leave the place. He finally got in his car and drove away, saying that the mat-

ter was not settled and that he was going to make appellant swallow his words. In about an hour deceased returned. In the meantime Mr. W. E. Massey had gotten home. When deceased stopped he called W. E. Massey, who went to the car. After Mr. Massey had been at the car for a few minutes appellant approached. At the time deceased was telling Mr. Massey that he objected to appellant having interferred when he told Mrs. Massey about Allen's misconduct. As appellant approached, deceased told him that he had no business interfering. After a few words passed, appellant shot deceased several times with a pistol. According to the testimony of W. E. Massey, a witness for the State, deceased was making no demonstration toward appellant at the time the fatal shots were fired.

Appellant testified that at the time of the first controversy, deceased called him a s-of-a-b- and said: "I will get you;" that after deceased threatened to come back to the house, he (appellant) armed himself with a pistol; that when deceased returned he (deceased) called Mr. Massey; that as he (appellant) approached the car, deceased again called him a s-of-a-b- and said that he was going to get him; that deceased reached down in the car with his right hand as if to get something; that he believed deceased was going to kill him, and he fired several shots at him in rapid succession; that he had never had any prior trouble with deceased.

The State's attorney before this court confesses that bill of exception No. 30 presents reversible error. The trial court qualified said bill, over appellant's proper exception. Hence the bill must be considered without reference to the qualification. Stokes v. State, 46 S. W. (2d) 976. It is certified in said bill that at a time when juror J. G. Hagan had refused to agree that appellant was guilty of murder with malice, juror G. L. Hocutt stated to Hagan that he lived near W. E. Massey, the State's principal witness, and had known him for a long time; that Massey was an exceptionally good man and wanted to do the right thing. It is further certified in the bill that Hocutt's statement caused Hagan to vote for a seven-year penalty for murder with malice, and that he would have refused to agree to convict appellant of the offense of murder with malice if said statement had not been made to him by Hocutt. It is further shown in said bill that the matter was properly raised in appellant's motion for new trial.

In Stone v. State, 31 S. W. (2d) 822, it appears that at a time when the jury could not agree, one of the jurors stated that he knew the officer who testified for the State, and that he

was a good officer and a trustworthy man. We held that a new trial should have been granted, and reversed the judgment. In the present case the State relied largely upon the testimony of W. E. Massey to show an unprovoked killing. We are constrained to agree with the State's attorney that the bill of exception reflects reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.