## OTIS BONNER V. THE STATE.

No. 17822.   Delivered December 18, 1935.
Rehearing Denied January 29, 1936.
Second Rehearing Denied, Without Written Opinion, February 12, 1936.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was tried and convicted of the offense of theft of property of over the value of fifty ($50.00) dollars, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The record before us shows that on the night of the 2nd of December, 1934, appellant entered the Rose Garden Cafe located in the town of Ennis and took therefrom two slot machines containing nickels, quarters, and money in excess of fifty ($50.00) dollars; and that said slot machines were in possession of Louis Smotherman and were taken by appellant without the consent of said Smotherman. The appellant did not testify. He filed a plea for suspension of sentence in the event of his conviction.

By bill of exceptions number one appellant complains of the action of the trial court in overruling his application for a continuance, based on the absence of Olin Steen and Francis Wilson, who live in Navarro county, and by whom he expected

to prove that they were present in said cafe at the time of the commission of the alleged offense, and that he did not commit the theft of the property alleged in the indictment. The application for continuance is insufficient in that it fails to show what he did with the process, whether he mailed it to the sheriff of Navarro county, or took it to the office of his attorney, or put it into his pocket. It is a well established rule of law in this State that where a continuance is sought, based on the absence of a witness, the application for continuance must show not only that process for the witness was issued but it must also show what was done with it after being issued. See Bowie v. State, 1 Texas App., 455; Collins v. State, 114 Texas Crim. Rep., 673, 26 S. W. (2d) 1074; Holder v. State, 116 Texas Crim, Rep., 316, 31 S. W. (2d) 637. Therefore, the trial court did not err in overruling the motion.

Bills of exception Nos. 2, 3, 4, 5, 6 and 7 fail to disclose any error.

Bill of exceptions No. 8 brings forward appellant's complaint directed at a statement of the county attorney in his opening argument. The objection is in these words: "Defendant timely objected to such argument at the time it was made, and orally asked the court to instruct the jury not to consider same for any purpose, but the court refused to do so." Said bill is qualified at some length by the trial court, but in bill of exceptions No. 9 we find complaint of the fact that the qualification referred to was placed on said bill of exceptions No. 8 after said bill had been prepared and approved, and filed in the office of the district clerk, and that the qualification now appearing on it is not the one placed thereon by the court below when the bill was filed. Appellant sets out in said bill of exceptions No. 9 that the bill as first qualified, at the time of original approval, merely certified that the argument was orally objected to, the objection overruled, and same being presented in writing was refused, to which appellant excepted. Bill of exceptions No. 9 is approved by the court below with the statement that the trial judge may at any time during the term so correct the records of his court as to make them reflect the truth.

In a sense this is true, but the rule is settled beyond dispute that a trial court, if not satisfied with the bill as tendered, must prepare his own bill and file it, and may not put upon any of the appellant's bills corrections or qualifications to which objections are made by the appellant. It is clear that if the court be allowed to change his qualification already placed upon

a bill filed,—without notice to the accused,—it would result in endless confusion and unquestioned injury to the rights of the accused. Certainly, if the court discover that a bill has been approved which is materially erroneous, he may during term time,—upon fair notice to the accused, and after a hearing in regard thereto,—correct the error, giving, however, to the accused full right to complain and prepare and present upon appeal his complaint. If we understand the matter now before us, the change was made in the qualification of bill of exceptions No. 8 without a hearing or notice to the accused or his attorney. This should not have been done. The trial court having substantially admitted that the qualification upon bill of exceptions No. 8 was changed as asserted by appellant, we can not consider bill No. 8 with the qualification now appearing thereon, but will consider same with the qualification set out in bill of exceptions No. 9 as that originally placed thereon at the time of approval and before the bill was filed. So considering said bill, same presents no error. It does not appear therefrom, nor from the original qualification placed thereon, whether appellant testified upon this trial or not. Apparently appellant's point here is that the statement of the county attorney referred to the failure of the appellant to testify. That being true, it would be incumbent upon him in his complaint to the trial judge to call the court's attention to the fact that such was the case, and that he was injured by the action of the county attorney in making the statement. Not having shown in the bill of exceptions whether the defendant testified or not, the bill is not materially erroneous.

Each of the other bills is so qualified as to manifest no error. Most of same are qualified, but none of the qualifications are excepted to.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we were in error in holding that his first application for a continuance was properly overruled. It is observed that the indictment was returned on the 28th of February, 1935, and that the trial

was had on the 15th of April of the same year. Appellant waited until two days before the trial to make application for process for the absent witnesses. He offered no valid excuse for the delay. Under the circumstances, we think it is manifest that the diligence was insufficient. It is well settled that the burden rests upon the accused to establish the exercise of diligence in support of an application for continuance. Branch's Annotated Penal Code, sec. 314; Walker v. State, 13 Texas App., 618; Long v. State, 17 Texas App., 129; Boyd v. State, 57 Texas Crim. Rep., 647, 124 S. W., 651; Walker v. State, 60 S. W. (2d) 455. It might be added that appellant failed to attach the affidavits of the absent witnesses to his motion for new trial. Hence the trial judge had the discretion of determining that the absent testimony was probably not true. In view of the evidence adduced upon the trial, such discretion, in our opinion, was not abused.

The next contention appellant makes is that bill of exception No. 8 discloses that the district attorney, in argument, referred to appellant's failure to testify. In the original opinion attention was called to the fact that it was necessary to appraise the bill without reference to the qualification appended thereto by the judge, as same was over appellant's exception. See Taylor v. State, 79 S. W. (2d) 1104; Stokes v. State, 119 Texas Crim. Rep., 114, 46 S. W. (2d) 976. Nowhere in the bill of exception is it shown that appellant did not in fact testify. We quote from 4 Texas Jur., p. 396, as follows: "A bill complaining that an argument or remark of the attorney for the State was a reference to the failure of the defendant to testify must show that the defendant did not in fact testify. A mere statement as a ground of objection that he did not testify is not sufficient; nor does asking a charge directing the jury to disregard the argument amount to a certificate of the judge that in fact the defendant did not testify."

In support of the text numerous authorities are cited, among them being Cuellar v. State, 110 Texas Crim. Rep., 47, 7 S. W. (2d) 565; Hughes v. State, 100 Texas Crim. Rep., 530, 271 S. W., 620; Deal v. State, 99 Texas Crim. Rep., 385, 268 S. W., 746.

After a reexamination of the evidence, we remain of the opinion that the proof was sufficient to warrant the conclusion that appellant was guilty of theft of more than fifty dollars in money.

The motion for rehearing is overruled.

*Overruled.*