

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 13, 1939

Mr. Charles W. Gill
Assistant County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-71
Re: Several offenses arising out
of one transaction and collection
of fees for the prosecution of
several complaints arising out
of the same.

Your request for an opinion regarding the
following question:

"In the prosecution of a person who
has violated several statutes, should the
County Attorney file only one of the several
possible complaints or informations; or may
he file several charges or complaints?

"Where the prosecution is possible un-
der one complaint, may fees be collected
for the prosecution of several complaints?"

has been received by this office.

"Where a single act or transaction may
constitute two or more distinct joffenses, the
state may elect the offense for which it will
prosecute the accused. This rule is dis-
tinct from that which requires the state to
elect upon which offense it will rely for

a conviction where one act is charged and evidence is admitted of two or more offenses."
Texas Jurisprudence, Vol. 23, page 662, Sec. 52. Armstrong vs. State, 293 SW 817.

"Where a single transaction may constitute a number of possible offenses, the pleading should charge the various offenses in separate counts." Texas Jurisprudence, Vol. 23, page 660, Sec. 50.

"Where there is evidence that one has committed an act which would warrant the indictment and prosecution of either one of three offenses it would not warrant the indictment for each of the three offenses. Under such circumstances, there should not be more than one indictment, though it might be embraced in separate counts so that the evidence could be adjusted to either one of the three and the matter properly controlled by charge of the court." Eaves vs. State, 29 SW 2nd, 339. Smith vs. State, 234 SW 893.

"Several offenses arising out of one transaction.--The same transaction may constitute several distinct and separate offenses, in which case the defendant may be separately prosecuted and punished for each, and a conviction or acquittal for one will not constitute a bar to a trial for the others. And the fact that two distinct offenses are committed contemporaneously, or that one is committed in aid of the other, does not make them any the less distinct. Thus if the accused slays two persons with the intent or volition to kill both they are separate offenses although occurring at the same time, and a conviction or acquittal for one offense does not bar a prosecution for the other; an assault with intent to murder and carrying a pistol unlawfully are different offenses, though growing out of the same transaction; and a conviction on a charge of driving an automobile without lights does not bar a prosecution for

transporting liquor in the automobile, though the defendant put out his lights to aid in concealing his transportation of the liquor. Further illustrations will be found in the articles dealing with specific crimes." Texas Jurisprudence, Vol. 12, page 560, Sec. 241.

"Prosecution for part of single crime.-- State may not split up one crime and prosecute it in parts, and a prosecution for any part of a single crime bars any further prosecution for the whole or a part of the same crime. Where the act charged constitutes but one crime, though it is divisible into different parts or degrees, the state may cut or carve out of it but one offense, and having prosecuted and convicted the defendant of this offense, may not prosecute further the transaction out of which the offense was carved. As large an offense may be carved out of the transaction as possible, yet the state may cut only one. So where several articles of property are stolen at the same time and place a conviction for stealing part of them will bar a subsequent prosecution for stealing any of the other articles. This doctrine of carving applies with more force to a former conviction than to an acquittal." Texas Jurisprudence, Vol. 12, page 561, Sec. 242.

Title 61, chapter 1, Revised Civil Statutes, and Articles 1020, 1061, 1068 and 1070 of the Code of Criminal Procedure largely govern the fees that may be collected by County and District Attorneys.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of the writer that where the same transaction may constitute several distinct and separate offenses, the defendant may be separately prosecuted and punished for each and a fee may be collected in each case. However, where the act charged constitutes but one crime, though it is divisible

into different parts or degrees, the state may cut or carve out of it but one offense and, having prosecuted and convicted the defendant of this offense, the state may not prosecute further the transaction or act out of which the offense was carved.

Trusting that the foregoing answers your inquiry, I remain

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By

Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS