CRAIGO DORRELL V. THE STATE.

No. 20867.   Delivered March 6, 1940.

The opinion states the case.

*Henry Adams,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Cherokee County for violation of the liquor laws and was given a sentence of 120 days in jail.

This appeal is based on two bills of exception. Other questions are raised by the attorney's brief but are not properly

presented to this court for its consideration and will not be discussed.

The first bill of exception relates to a nunc pro tunc order for the purpose of curing an error in the date involved in the local option election in Cherokee County in 1901. This bill is without merit and is overruled.

By Bill of Exception No. 2 it is complained that while the defendant was on trial and one of the witnesses presented by him was being cross-examined, the county attorney asked the witness if it was not a fact that the defendant was now under a suspended sentence in a liquor case in the Federal Court at Tyler. The court sustained the objection to this question but, according to the bill, refused to instruct the jury not to consider the question asked. The bill further relates that the county attorney argued to the court in the presence of the jury in favor of his question, stating to the court that he had a right to show by such witness that the defendant's real and true occupation was not that of a farmer but that his real occupation was that of a bootlegger and that he was a bootlegger. Upon such statement being made the court was requested by proper motion to declare a mistrial, which he refused to do, and to this ruling the defendant duly excepted. The appellant did not testify in his own behalf, and there is no evidence in the case that he was a bootlegger or that he had ever made a sale of liquor. The evidence discloses that some liquor was found hidden in the woods near his home; that there was a well-beaten path from his place of residence to the spot where the liquor was found; and that there was also mash in a hog trough, indicating that appellant had been making liquor. The evidence is sufficient to sustain the conclusion that the three gallons of liquor found belonged to or was under the control of the appellant, but there is no evidence of the sale.

The bill complaining of this conduct was presented to the county judge and approved by him on November 23, 1939. It was filed with the county clerk on the same day. Four days later and on November 27, 1939, the court filed with the clerk a qualification to this bill which, if accepted by the appellant, would become a part of the bill and would have the effect of showing that no error was committed. A copy of this qualification appears in the transcript with the original signature of the judge. The caption of the transcript shows that the term of court at which the appellant was tried began on the 5th day of June, 1939, and ended on the 2nd day of September,

1939. There is nothing in the record to indicate that any notice was given to the appellant's attorney of the filing of the qualification to the bill or that he agreed to such qualification. The provisions of the statute relating to the qualification of bills of exception are frequently overlooked. If the bill presented is not acceptable to the trial judge, he may refuse to sign same and may prepare one of his own. If this is not acceptable to the attorney for the defendant, he may prepare and file a bystanders' bill. However, when the court attaches his qualification to a bill and the attorney accepts that qualification, it is considered by this court that he has agreed to the same and the qualification will supersede any contrary statement in the bill. It has been held by this court in Bonner v. State, 90 S. W. (2d) 250, that whenever the court discovers material errors in bills approved by him, he may, upon fair notice during the term time, after hearing, correct such errors, giving the defendant full right to complain and to present his complaints upon appeal. In the case before us, no notice appears to have been given and under the circumstances herein related the court's qualification did not become a part of the bill. We are therefore obligated to consider the bill as originally approved on November 23, 1939, and as so approved the bill reflects error requiring that the case be reversed. Upon another trial, if the evidence is the same, a charge on circumstantial evidence would appear to be proper under the facts of this particular case.

The judgment is reversed and the cause remanded.