## LEE ROTH V. THE STATE.

No. 19198.   Delivered November 17, 1937.

The opinion states the case.

*C. D. Little,* of Baytown, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automo-

bile; punishment assessed being confinement in the penitentiary for three years.

Appellant was charged with having stolen an automobile belonging to Carl Myers. The evidence discloses that Myers was dead at the time of the trial, but at the time of the theft lived at Baytown and his automobile was taken from a place where he had left it in that city. The police department in Houston was apprised of the theft, with a description of the car, and on the night of September 12, 1936, appellant and another party were discovered in possession of the car on the streets of Houston. The party with appellant was a garage man with whom appellant had left the car, and who at appellant's request was driving it at the time indicated, and had no other connection whatever with the stolen automobile. At the time appellant was questioned with reference to the car it was discovered that the license numbers on the front and rear were not the same. Appellant claimed to be surprised to know that this was so, and when he and the officers went to the back of the car to examine the number on the license plate appellant fled, but was recaptured. Appellant claims to have rented the car from a party in Houston for the purpose of driving to Angleton and back, and that he had no knowledge that the car was stolen. It appears from appellant's own testimony that he had been visiting a sister who lived at Baytown and had returned to Houston from Baytown either on the same day or the day before he was found in possession of the car. It is passing strange that the car claimed to have been rented by him was a car stolen from Baytown about the same time that appellant was present in that city. The evidence supports the finding of the jury as to appellant's guilt.

The case was tried on the 15th day of March, 1937, at which time appellant made application for continuance because of the absence of the witness Jack Honner by whom appellant claimed to be able to prove that he was present in Houston and saw appellant rent the car in question from a party there. This was the second application for continuance for the witness Honner, the record disclosing that the case had been called for trial at a prior time on January 18, 1937, and then continued because of the absence of said witness. In making application for said witness upon the first occasion it was claimed that he was a truck driver and lived at Corpus Christi. After the first continuance was secured by appellant he made no further application for process for said witness until the 4th day of March, 1937, there apparently having been no effort made to locate

Honner from the time the case was continued in January until process was secured on March 4th. At the time process was requested on the latter date it was stated that said witness was working for the Sykes Furniture Company. The return on the process shows that the officers were unable to locate any such man and that he had never worked for said company. If any such man existed the diligence to secure his presence ·was entirely lacking. We also note that it is stated in said second application for continuance that process was "issued and directed" to the sheriff of Nueces County. There is no averment that such process was mailed to said sheriff. See Bonner v. State, 129 Texas Crim. Rep., 597, 90 S. W. (2d) 250, and cases therein cited. When the question of the denial of continuance came up again upon motion for new trial the court was amply justified in declining to grant said motion under the record. before him.

The judgment is affirmed.

*Affirmed.*

GRAVES, J., absent.