No. 04-98-00461-CR



Kevin LEWIS,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-3241


Honorable Sharon MacRae, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: July 30, 1999


AFFIRMED

 A jury found Kevin Lewis guilty of murder and assessed punishment at sixty years in prison.
Lewis argues his trial counsel rendered ineffective assistance during voir dire and during his
argument in the punishment phase. We disagree and affirm the judgment.

 An ineffective assistance of counsel claim can be sustained only if a preponderance of the
record evidence shows (1) trial counsel's performance fell below an objective standard of
reasonableness, and (2) counsel's deficient performance prejudiced the defense to such a degree the
defendant did not receive a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998); Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); Castoreno v.
State, 932 S.W.2d 597, 600 (Tex. App.--San Antonio 1996, pet. ref'd). In reviewing a claim of
ineffective assistance, we "indulge a strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance," Strickland, 466 U.S. at 689, and we will not speculate
as to the reasons for counsel's trial decisions. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994).

 Lewis complains first that counsel failed to voir dire the jury regarding their ability to
consider probation or the lower range of imprisonment. Lewis has not brought forward a record
containing any evidence as to his trial counsel's reasons for conducting voir dire as he did. However,
both the trial judge and the prosecutor explained the range of punishment to the panel, gave the jury
hypotheticals, and obtained a commitment from panel members that they could consider the entire
range of possible punishment, including probation. The prosecutor further questioned several
individual panel members on the subject. Nothing in the record suggests there was any need for
further voir dire on the subject by defense counsel. Lewis has thus failed to establish his counsel was
ineffective. See Beck v. State, 976 S.W.2d 265, 266-67 (Tex. App.--Amarillo 1998, pet. ref'd);
Smith v. State, 968 S.W.2d 490, 494 (Tex. App.--Texarkana 1998, no pet.).

 Lewis next complains his trial counsel was ineffective because he did not conduct any
individual voir dire. The court and the State spoke to the panel at length and exhaustively covered
most of the traditional voir dire topics. The State asked individual pertinent questions to most of the
panel members and defense counsel did not begin his voir dire until 4:20 in the afternoon. He
discussed the need to be fair and the presumption of innocence and asked several questions of the
panel as a whole designed to determine whether any members of the panel could not be fair and open
minded. Again, the record is silent as to counsel's reasons for not conducting any individual voir
dire, and Lewis points to no evidence that rebuts the presumption that his counsel's decision was
based on sound trial strategy. See Jackson v. State, 491 S.W.2d 155, 156 (Tex. Crim. App. 1973).
Moreover, Lewis does not explain how the failure to ask any individual questions affected his
decisions regarding peremptory strikes or the outcome of the trial. Lewis has thus failed to meet
either prong of Strickland. See Williams v. State, 970 S.W.2d 182, 184 (Tex. App.--Houston [14th
Dist.] 1998, pet. ref'd).

 Finally, Lewis complains of his counsel's summation at the punishment stage. Lewis first
argues the summation was inadequate because counsel did not expressly ask the jury to grant
probation or assess a low term of years. We disagree with Lewis' characterization of the summation
as failing to argue for leniency. Counsel argued that the State had the opportunity to bring forward
all the evidence it had to show that Lewis posed a danger to the community, yet it produced no
evidence that Lewis had ever been charged or convicted of another felony, had ever been involved
with drugs or any other illegal activity or associated with anyone who was, had violated any terms
of his misdemeanor probation for failure to properly identify himself, or had engaged in any
misconduct while he was in jail for traffic tickets and awaiting this trial. Although counsel did not
expressly ask the jury to grant probation or recommend a specific low sentence, the gist of his
argument was clearly that Lewis was a good candidate for probation or a light sentence.

 Lewis also complains that counsel continued to argue Lewis' innocence, despite the jury's
guilty verdict. Lewis testified at the punishment stage that he did not commit the murder. Counsel
argued the State's version of the facts did not make sense and the pieces did not fit and asked the jury
to reexamine the evidence, reflect deeply on it, "and come to a decision regarding Kevin Lewis that
you feel is appropriate." The record does not reflect why counsel chose to argue the case as he did;
however, raising a doubt in the jury's mind about its determination of guilt could be a legitimate
strategy for trying to obtain a light sentence. Lewis has failed to rebut the presumption that counsel's
actions were based on sound trial strategy. See Jackson, 877 S.W.2d at 771. We overrule his points
of error and affirm the judgment.


 Sarah B. Duncan, Justice


Do not publish