In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00198-CR


______________________________




JAMES DANIEL LEIGH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 17935




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 The jury found James Daniel Leigh guilty of theft of property valued at more than $20,000
and sentenced him to thirteen years' confinement in the Texas Department of Criminal
Justice-Institutional Division. On appeal, Leigh challenges the evidentiary sufficiency and contends
he received ineffective assistance of counsel.

 Mike Kennedy owned the Kennedy Ford dealership in Paris, Texas. Sometime between
7:00 p.m. on December 14, 1999, and 8:00 a.m. on December 15, 1999, a white 2000 Ford Mustang
convertible, valued at over $20,000, was stolen from the dealership. The vehicle was subsequently
recovered in poor condition. Kennedy and his employees gave no one permission to take the vehicle. 
Don Dickerson, one of the managers at the dealership, reported the theft.

 Officer Craig Glover with the Paris Police Department responded to the dealership's report
of the theft. Glover gave the vehicle identification number number of the missing vehicle to the
dispatcher, who entered the vehicle as stolen on a nationwide database. 

 Albert Leland Johnson was the Sheriff of Union County, New Mexico. Shortly after
1:00 p.m. on December 15, 1999, he received a radio report of a high-speed car chase involving a
white Mustang convertible escaping a "gas skip." (1) A Clayton, New Mexico, (2) city police officer was
in pursuit, and speeds reached in excess of 115 miles per hour.

 Sheriff Johnson went toward the area of the chase. He observed the Mustang stopped on top
of a mesa in a rough, rural area. There were three blown tires, and fluid was leaking from beneath
the car. When Johnson was about forty yards away from the vehicle, he saw the driver exit and
begin walking away. Johnson arrested the driver.

 The man gave a false name at first, but information found on the man identified him as James
Leigh. Johnson also discovered through a computer check that the white Mustang was reported
stolen by the police in Paris, Texas. Johnson found the keys to the Mustang in Leigh's pants pocket.

 When reviewing legal sufficiency of the evidence, the appellate court looks to whether any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt, viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443
U.S. 307, 318-19 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In a factual
sufficiency review, we view all of the admitted evidence without the prism of "in the light most
favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). As a reviewing court, we must always remain cognizant of the fact-finder's
role. The authority granted in Clewis to disagree with the fact-finder's determination is appropriate
only when the record clearly establishes such a step is necessary to arrest the occurrence of a
manifest injustice. Otherwise, due deference must be accorded the fact-finder's determination,
particularly those determinations concerning the weight and credibility of the evidence. Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). 

 Leigh contends the evidence supports only a conviction based on an alternative hypothesis,
as the jury was instructed, that, if guilty, he was guilty only of the lesser-included offense of
unauthorized use of a motor vehicle. (3) 

 A person commits the offense of theft if he unlawfully takes property of another with intent
to deprive the owner of that property. Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2002). 
Appropriation is unlawful if it is without the owner's consent. Id. "Deprive" means "to withhold
property from the owner permanently or for so extended a period of time that a major portion of the
value or enjoyment of the property is lost to the owner . . . ." Tex. Pen. Code Ann. § 31.01 (Vernon
Supp. 2002).

 Leigh argues there is no evidence as to his taking of the Mustang because no witness placed
him in Paris at the time the vehicle was taken from Kennedy Ford. This case is similar to Jackson
v. State, 12 S.W.3d 836 (Tex. App.-Waco 2000, pet. ref'd). In Jackson, several large, aluminum
molds used in the manufacture of Styrofoam products were discovered by an employee on Monday
morning to have been stolen over the weekend from a company in Waxahachie. The theft was
reported to law enforcement, and the investigation centered around companies who purchased metal
for recycling. Records from the metal recycling companies in Dallas revealed Jackson had sold them
the stolen molds within two days of the reported theft. Id. at 841. None of the witnesses could place
Jackson at the facility in Waxahachie; no one could testify as to any connection between Jackson and
another man arrested for taking other molds from the company, but sold at different locations, and
no one could say whether Jackson had ever been seen at the Waxahachie facility. Jackson argued
that such lack of evidence made the State's case against him legally insufficient. 

 The Waco court disagreed, holding that the jury could find him guilty beyond a reasonable
doubt and rejecting Jackson's contention that such doubt was created by the inability to put him in
Waxahachie at the time of the theft. Id.

 We find legally sufficient evidence to support the conviction in the present case. The jury
had before it evidence of Leigh's intended deprivation of the rightful owner. The car was never
returned to (or in the vicinity of) its original location in Northeast Texas. Leigh was found evading
arrest traveling at speeds up to 115 miles per hour in New Mexico. The car was damaged when he
drove it into an area not meant for the vehicle. Leigh took the car keys with him as he fled on foot. 
There was testimony of the invoice and sticker prices of the vehicle, and of extensive damage to the
vehicle, resulting in loss of value and opportunity of enjoyment of the vehicle to its owner. A
rational trier of fact could have found, beyond a reasonable doubt, all of the required elements of a
theft as provided in the Texas Penal Code. We find the evidence in support of the theft conviction
to be legally sufficient.

 The nature of a factual sufficiency review requires the court to consider all evidence. 
Therefore, in conducting a factual sufficiency review, the reviewing court may consider any
reasonable alternative hypotheses raised by the evidence. Richardson v. State, 973 S.W.2d 384, 387
(Tex. App.-Dallas 1998, no pet.); Wallace v. State, 955 S.W.2d 148, 151 (Tex. App.-Beaumont
1997, no pet.). Yet the mere existence of an alternative reasonable hypothesis does not render the
evidence factually insufficient. A verdict may be overturned only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Richardson, 973 S.W.2d
at 387. (4)

 Leigh contends, in effect, that the great weight and preponderance of the evidence shows only
the offense of unauthorized use of a motor vehicle rather than theft. He cites Roth v. State, 133 Tex.
Crim. 270, 110 S.W.2d 69 (1937), and Kiser v. State, 141 Tex. Crim. 530, 150 S.W.2d 257 (1947),
in support of his position. 

 In Roth, the evidence showed that the appellant was present at the location, from which the
car was stolen. 110 S.W.2d at 70. However, Roth does not stand for the proposition that such
evidence is required in order to make a legally or factually sufficient case for automobile theft. 

 In Kiser, the Texas Court of Criminal Appeals held that a jury instruction on circumstantial
evidence should have been given and further held that the facts and circumstances surrounding the
alleged theft of the vehicle "are quite as consistent with the theory that [appellant] merely took the
car for temporary use and not to deprive the owner thereof." 150 S.W.2d at 258. The language
employed by the court, however, indicates it applied the former appellate review standard in
circumstantial evidence cases, i.e., that the conviction cannot be sustained unless the circumstances
exclude every other reasonable hypothesis except that of the guilt of the accused. That is no longer
the law or the applicable standard of review. Thus, we believe neither Roth nor Kiser provide
appropriate guidance in this case.

 The State's evidence pertaining to Leigh's 115-mile-per-hour escape attempt, his possessing
and abandoning of the vehicle to a location far from the place from which it was taken, and Leigh's
own actions at the time he was apprehended suggest, and a jury could so find, an intent to deprive
the rightful owner of his property. In Flores v. State, the Houston Court of Appeals reformed a
judgment for theft of an automobile to reflect an unauthorized-use conviction because the evidence
did not demonstrate unlawful appropriation with intent to deprive the owner. 888 S.W.2d 187 (Tex.
App.-Houston [1st Dist.] 1994, pet. ref'd). The missing vehicle in that case was returned to the same
vicinity where it had been parked, albeit with some damage. Id. at 190. The evidence in the present
case does not show Leigh intended to return the vehicle to its owner, but rather suggests a permanent
deprivation. The jury's finding that a theft, rather than a mere unauthorized use, is certainly not
contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust. We
overrule Leigh's first point of error.

 In issues two through six, Leigh contends he received ineffective assistance of counsel at
trial. When confronted with a claim of ineffective assistance of counsel, we are to apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S.
668 (1984). See also Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). First, the
appellant must show that counsel's performance was so deficient or that counsel made errors so
serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment to the
United States Constitution. U.S. Const. amend. VI. To be successful in such a claim, counsel's
representation must fall below an objective standard of reasonableness. Second, the appellant must
show that the deficient performance jeopardized his defense. The appropriate standard for judging
prejudice requires the appellant to show there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000). Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the ineffective assistance. When
determining the validity of a defendant's claim of ineffective assistance, any judicial review must be
highly deferential to trial counsel and avoid the deleterious effects of hindsight. There is a strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). When there is nothing in the record
to reflect counsel's reasons for his or her inactions, and plausible explanations exist, the appellate
court should presume trial counsel made all significant decisions in the exercise of professional
judgment. Valdes-Fuerte v. State, 892 S.W.2d 103, 112 (Tex. App.-San Antonio 1994, no pet.). 

 Leigh argues first that trial counsel was ineffective in failing to make an opening statement. 
There is a presumption that counsel's trial decisions were formulated based on sound trial strategy,
which an appellant is required to rebut to establish ineffective assistance. Cardenas v. State, 30
S.W.3d 384, 391 (Tex. Crim. App. 2000). There was no motion for new trial filed in the case to
enlighten us as to trial counsel's reasoning. Because giving an opening statement would give the
State a preview of defense strategy, the failure to give an opening statement has been held to be a
valid tactical decision. Standerford v. State, 928 S.W.2d 688, 697-98 (Tex. App.-Fort Worth 1996,
no pet.). Thus, a viable trial strategy existed for not giving an opening statement.

 Leigh also contends that trial counsel was ineffective for failing to present a closing argument
at the punishment stage of the proceedings. We do not have the benefit of evidence of counsel's
reasons for his actions or inactions-evidence that might have been presented in a hearing on a
motion for new trial. On direct appeal, claims of ineffective assistance must be firmly grounded in
the record, and actions and inactions of counsel are presumed to have been based on reasonable
professional judgment and on sound trial strategy. Valdes-Fuerte, 892 S.W.2d at 112. Leigh has
failed to overcome such presumptions in this case. Matters such as whether to present a closing
statement, and the content of such closing statements, are generally considered matters of trial
strategy not subject to hindsight or second-guessing on appeal. See Ransonette v. State, 550 S.W.2d
36, 41 (Tex. Crim. App. 1976). 

 Leigh further argues his trial counsel was ineffective for failing to cross-examine the State's
witnesses or present testimony of his own emphasizing the fact the State's witnesses could not place
him in the county at the time of the theft. On appeal, the argument is made that the jury may have
interpreted this omission in a manner unfavorable to his defense. We shall not presume ineffective
assistance or second-guess counsel's strategy or tactics, including the method of cross-examination
employed by counsel absent a record showing counsel's reasons for so doing. Fulgium v. State, 4
S.W.3d 107, 117-18 (Tex. App.-Waco 1999, pet. ref'd). Further, it is apparent from counsel's
closing argument that he was pursuing a strategy of saying nothing during trial and arguing to the
jury after all sides rested and closed that the State had failed to prove the required elements of its
case. Using cross-examination to point out weaknesses in the State's case might have enabled it to
meet defense counsel's argument while it still had the opportunity to present additional evidence. 
The decision not to cross-examine a witness is most often considered a matter of trial strategy. Smith
v. State, 968 S.W.2d 490, 491 (Tex. App.-Texarkana 1998, no pet.). The decision not to cross-examine a witness is the result of wisdom acquired by experience in the combat of trial. Miniel v.
State, 831 S.W.2d 310, 324 (Tex. Crim. App. 1992).

 Based on the foregoing, we do not believe Leigh has met the first prong of the Strickland test. 
We overrule Leigh's claim of ineffective assistance of counsel.

 We affirm the judgment of the trial court. 



 Ben Z. Grant

 Justice



Date Submitted: September 13, 2002

Date Decided: October 16, 2002


Do Not Publish
1. A "gas skip" is the taking of gasoline from a self-service pump without paying. In this case,
the theft amounted to a little over $10 worth of gasoline.
2. Clayton is the county seat of Union County, New Mexico.
3. "A person commits an offense if he intentionally or knowingly operates another's boat,
airplane, or motor-propelled vehicle without the effective consent of the owner." Tex. Pen. Code
Ann. § 31.07(a) (Vernon 1994). 
4. Formerly a conviction based on circumstantial evidence could not stand unless it excluded
every other reasonable hypothesis except that of guilt. See, e.g., Houston v. State, 667 S.W.2d 157,
160 (Tex. App.-Houston [14th Dist.] 1982, no pet.). However, this rule was abrogated by the Texas
Court of Criminal Appeals in Geesa v. State, 820 S.W.2d 154, 155, 161 (Tex. Crim. App. 1991),
overruled in part by Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000). See, e.g., Roberts v.
State, 9 S.W.3d 460, 464 (Tex. App.-Austin 1999, no pet.) ("Circumstantial evidence need not
exclude all reasonable alternative hypotheses.").