COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS








THOMAS ALEJANDRO MAGRO-MALO,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-08-00027-CR




Appeal from the



416th District Court



of Collin County, Texas 



(TC# 416-80588-07) 



O P I N I O N

 Thomas Magro-Malo was convicted by a jury of aggravated robbery and sentenced to 21
years' imprisonment. He raises one issue on appeal in which he asserts he was deprived of his
right to effective assistance of counsel. We affirm.

 On February 12, 2007, Martha Morales was working as a lead teller in the Preston Road
branch of Chase Bank in Plano, Texas. Just before noon, she was approached by a Hispanic
male who pulled out a pistol and told her to give him money. She gave the man over $7,000 in
cash, and he walked out of the bank. Once the man was gone, Ms. Morales reported the robbery 
to her manager and notified the police. Officers from the Plano Police Department arrived
moments later.

 Detective Bruce Miller headed the investigation. The bank provided Detective Miller
with numerous still photographs of the robber taken by security cameras inside the main lobby. 
Detective Miller released those photos to the media in an attempt to identify the suspect. The
following day, an individual contacted the police department, and identified the suspect as
Thomas Magro-Malo. When the detective compared the bank photos to a driver's license photo
under the same name, he believed it was the same man. Ms. Morales also identified Appellant as
the robber when the detective presented her with a photo lineup. Appellant was located and
arrested days later.

 During an interview with Detective Miller, Appellant admitted to robbing the Chase Bank
on February 12. He also admitted to another similar bank robbery in Addison, Texas on
February 10. Appellant also told police that he had a partner who was also involved in both
crimes. However, Appellant refused to identify the other man because he was afraid his partner
would hurt him. During the Addison bank robbery, Appellant's partner had gotten angry when
Appellant took "too long" in the bank, and took "too many chances" trying to increase the
amount they stole. At some point, the other man threatened Appellant with a gun, and told
Appellant, "If I get caught , its not going to be good for you." Appellant did tell the police that
he had known this other man for approximately six months before the robberies. On prior
occasions, Appellant had refused to take part in the other man's criminal schemes, such as
smuggling illegal immigrants and dealing drugs.

 Appellant was charged with aggravated robbery for the February 12, Plano bank robbery. 
The jury convicted Appellant and sentenced him to twenty-one years' imprisonment. On appeal,
Appellant raises a single issue in which he argues that he was denied his constitutional right to
effective assistance of counsel by his trial attorney's failure to request a jury instruction on the
affirmative defense of duress.

 We review claims of ineffective assistance of counsel under a two-pronged test. First, an
appellant must establish counsel's performance fell below an objective standard of
reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668,
693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984); Mallet v. State, 65 S.W.3d 59, 62-3
(Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that
there is a reasonable probability that but for counsel's unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. 2068; Mallet, 65
S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Mallet, 65 S.W.3d at 63. Claims of ineffective assistance must be proved by a
preponderance of the evidence. Bone v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).

 When we review a claim of ineffective assistance, we must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable, professional assistance, and the
appellant must overcome the presumption that the challenged conduct can be considered sound
trial strategy. Jackson, 877 S.W.3d at 771. The reviewing court will not conclude the challenged
conduct constituted ineffective assistance unless the conduct was so outrageous that no
competent attorney would have engaged in it. See Thompson v. State, 9 S.W.3d 808, 814
(Tex.Crim.App. 1999). Allegations of ineffectiveness must be firmly founded in the record.
Mallet, 65 S.W.3d at 64-5. In sum, an appellant challenging trial counsel's performance faces a
difficult burden and a substantial risk of failure. See Thompson, 9 S.W.3d at 813. 

 Appellant argues he was denied effective assistance of counsel because his trial attorney
failed to request a jury instruction on the affirmative defense of duress. He asserts that counsel's
decision to forgo the defense is not entitled to the presumption of reasonableness because it was
"so outrageous that no competent attorney would have engaged in it."

 A defendant it entitled to an instruction of every defensive issue raised by the evidence,
regardless of the strength of that evidence. Hayes v. State, 728 S.W.2d 804, 807 (Tex.Crim.App.
1987). The duress defense is applicable to a case in which the actions "engaged in the proscribed
conduct because he was compelled to do so by threat of imminent death or serious bodily injury
to himself or another." Tex.Penal Code Ann. § 8.05(a)(Vernon 2003). "Imminent" means
something that is impending, not pending; something on the point of happening, not about to
happen. Schier v. State, 60 S.W.3d 340, 343 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd). 
Harm is imminent when there is an emergency situation and it is immediately necessary to avoid
that harm; when a split-second decision is required without time to consider the law. Id. A
person is compelled to action within the meaning of the duress defense only if confronted by
force or threat of force that would render a person of reasonable firmness incapable of resisting
the pressure. Tex.Penal Code Ann. § 8.05(c).

 The record in this case demonstrates that counsel made a conscious decision to pursue a
"lack of intent" defense, instead of a duress defense. The following exchange took place during
the jury's deliberations:

 The Court: In addition, it appears from the argument, as I was
observing you, you made a tactical decision not to request
the defensive charge of duress, but simply decided to argue
intent. Is that your tactical decision?


 Defense Counsel: Yes sir.


 The record does not support Appellant's conclusion that counsel's decision not to pursue
a duress defense was outside the zone of reasonable assistance. Based on the record, Appellant's
attorney could have reasonably determined that the facts of the case did not raise a duress
defense. According to the lead detective in the Plano robbery, Appellant's partner offered
Appellant a part in several other criminal schemes before Appellant agreed to take part in the
robberies. The detective also testified that Appellant's partner threatened him, not in order to
coerce Appellant to commit the crime, but in order to keep Appellant from talking to the
authorities, and to prevent Appellant from telling the police who his partner was. Appellant told
the detective that of the $7,500 the two men took from the second robbery, Appellant kept
$4,500, while his partner only received $3,000. The detective agreed that Appellant expressed
concerns about his partner retaliating against him and his family if he were to refuse to take part
in, or continue the robberies. However, the detective was not able to state whether these
concerns motivated Appellant to participate in the crimes. During his interview with the
detective, Appellant was not clear whether he had these thoughts before, during, or after the
robberies.

 In these circumstances, it was reasonable for Appellant's attorney to conclude that
Appellant's actions were not motivated by "imminent" harm as defined by the statute. (1) Given
the lack of evidence that Appellant committed these crimes under a threat of imminent harm,
counsel made the decision to simply hold the State to its burden of proof on the elements of the
offense. Whether or not, in hindsight, counsel's decision was a desirable trial strategy is not an
appropriate inquiry. See Smith v. State, 968 S.W.2d 490, 492 (Tex.App.--Texarkana 1998, no
pet.), citing Blott v. State, 588 S.W.2d 588, 592 (Tex.Crim.App. 1979). Because there is a
reasonable explanation for counsel's decision to forego a jury instruction on duress, Appellant
has failed to establish the conduct fell below an objective standard of reasonableness. Issue One
is overruled.

 We affirm the trial court's judgment.



June 17, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)
1. It was also reasonable for Appellant's attorney to conclude that a duress defense was not
raised by the evidence, and the instruction could be properly denied by the trial court. See Young
v. State, 991 S.W.2d 835, 839 (Tex.Crim.App. 1999).